**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KEVIN BANKS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>J. BEAN,<br><br>　　　　　　Respondents. | Case No. 2:25-cv-01327-RFB-DJA<br><br>**ORDER TO SHOW CAUSE** |

### I.   INTRODUCTION

Petitioner Kevin Banks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), an application for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel. See ECF Nos. 1, 1-1, 2. The Court finds that good cause exists to grant the IFP application. Following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), for the reasons discussed below, the Court instructs Banks to show cause why his Petition should not be dismissed with prejudice as time barred.

### II.   PROCEDURAL BACKGROUND[1]

Banks challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("State Court"). See generally State of Nev. v. Kevin Banks, No. C-12-279233-1. On February 6, 2013, the State Court entered a judgment of conviction, following a jury trial, convicting Banks of: first-degree murder with a deadly weapon of a victim who is over 60 years old; five counts of discharging a firearm at, or into, a structure; and being felon in possession of a firearm. Banks was sentenced to life with the possibility of parole after a minimum of 39 years

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

and 8 months in prison. Banks appealed, and the Nevada Supreme Court affirmed on February 13, 2014. See generally Kevin A. Banks v. State of Nev., No. 62533. Remittitur issued on March 11, 2014.

On March 16, 2015, Banks filed his first state habeas petition in his underlying criminal case. The State Court denied the petition on June 10, 2015. Banks appealed, and the Nevada Supreme Court affirmed on November 13, 2015, finding that Banks's petition was untimely. See generally Kevin Antoine Banks v. State of Nev., No. 68237. Remittitur issued on December 8, 2015.

On March 7, 2017, Banks filed his second state habeas petition in his underlying criminal case. The State Court denied the petition on July 7, 2017. Banks appealed, and the Nevada Court of Appeals affirmed on August 14, 2018, finding that Banks's petition was untimely and successive. See generally Kevin Antoine Banks v. State of Nev., No. 73741. Remittitur issued on September 11, 2018.

On January 18, 2023, Banks filed his third state habeas petition. See generally Kevin Banks v. Warden C. Johnson, No. A-23-864101-W. The state court denied the petition on March 22, 2023. Banks appealed, and the Nevada Court of Appeals affirmed on January 30, 2024, finding that Banks's petition was untimely and successive. See generally Kevin Antoine Banks v. State of Nev., No. 86395-COA. Remittitur issued on February 26, 2024.

**III.   DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Here, Banks's Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of four possible triggering dates, with the

1  most common being the date on which the petitioner's judgment of conviction became final by
2  either the conclusion of direct appellate review or the expiration of the time for seeking such
3  review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction
4  becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of
5  the United States expires after a Nevada appellate court has entered judgment or the Nevada
6  Supreme Court has denied discretionary review. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th
7  Cir. 2008); Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal
8  limitations period is tolled while "a properly filed application for State post-conviction or other
9  collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §
10 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal
11 and the filing of a petition for post-conviction relief in state court because no state court proceeding
12 is pending during that time. See Nino v. Galaza, 183 F.3d 1003, 1006–07 (9th Cir. 1999); Rasberry
13 v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

14       Banks's direct appellate review concluded on February 13, 2014, with the Nevada Supreme
15 Court's affirmation of his judgment of conviction. As such, Banks's conviction became final when
16 the time expired for filing a petition for writ of certiorari with the United States Supreme Court 90
17 days later on May 14, 2014. The federal statute of limitations began to run the following day: May
18 15, 2014. The limitations period expired 365 days later on May 15, 2015.

19       Although Banks filed three state habeas petitions, they would only toll the federal
20 limitations period if they were "properly filed." The Supreme Court has held that if a habeas
21 petitioner's state postconviction petition was rejected by the state court as untimely, it is not
22 "properly filed" within the meaning of the statutory tolling provision of the AEDPA limitations
23 period. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected
24 petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory
25 tolling under § 2244(d)(2)."); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is
26 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and
27 rules governing filings. These usually prescribe, for example, the form of the document, the time
28 limits upon its delivery, the court and office in which it must be lodged, and the requisite filing

fee.") (footnote and citations omitted). Banks's three state habeas petitions were not properly filed given that they were found to be untimely under state procedural rules.

Accordingly, given that Banks is not entitled to any statutory tolling due to his state habeas petitions, his instant Petition, which was filed on July 21, 2025, is untimely by over 10 years. Banks must show cause why his Petition should not be dismissed with prejudice as time barred.

Anticipating this finding, Banks argues that he is actually innocent, so he can overcome this time bar. See ECF No. 1-1 at 9. Banks' actual innocence claim is based on an affidavit by Antwaun Rainey, an inmate at High Desert State Prison, dated April 15, 2024, in which Rainey states the following:

> On 12/11/2011 I was at a friend's house on H st. and McWilliams in the apartments right next to the ally. While I was at this friend's house in between 10:00 p.m. to about 10:45 p.m. a woman I know as Bae-Bae (AKA Guylinda Killian) came in the gate of the apartments and asked me to sell her a dime for the $7 she had. While there talking to Bae-Bae (Guylinda Killian) right before 10:30 p.m. we heard gunshots down the allys. In the ally by the park on D street. After hearing the gunshots I told Bae-Bae "I don't have anything for her $7" and I left and went downtown.

Id. at 34.

This affidavit is insufficient to show Banks's actual innocence. The Nevada Supreme Court described the evidence at Banks's trial as follows:

> The jury heard evidence that appellant, armed with a gun, knocked on the door of a residence and, when Parestine Driver opened the door, appellant asked whether "D" was there. Driver told him that "D" was not present and shut the door. Appellant pushed the door open and Driver again shut the door. Moments after appellant retreated from the door, several shots were fired into the residence. Two shots hit the 63-year-old victim in the head and neck, killing him. One witness identified appellant as the man who knocked on the door and saw appellant with a gun in his hand. Another occupant of the residence heard the knock at the door and recognized appellant's voice. A witness, who was in a nearby alleyway, related that she observed appellant exit the passenger side of a four-door blue car, approach the residence, and ask for "D," and, after being denied access to the residence, fire several shots into the residence. Two other witnesses who heard the shots observed a blue car drive away from the residence; one of those witnesses identified appellant as the passenger in the car. Evidence was also introduced that appellant and "D" had an altercation some time before the shooting and that appellant told "D," "I'm going to come back and I'm going to get you." After the jurors returned guilty verdicts on the charges, evidence was introduced showing that appellant had been previously convicted of possession of a controlled substance and assault with the use of a deadly weapon.

Given the facts of this case, Banks's new evidence, even if it could be considered reliable,

fails to establish actual factual innocence. Put differently, it cannot establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See generally McQuiggin v. Perkins, 569 U.S. 383 (2013); House v. Bell, 547 U.S. 518 (2006). Indeed, given that there were a variety of witnesses at the scene, Banks fails to show that impeaching the testimony of a single witness demonstrates his factual innocence. If Banks intends on relying on this argument to overcome the time bar, he must present further argument and/or other new evidence in this regard.

Notably, in lieu of or in addition to proving his factual innocence, Banks is informed that the Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if (1) a petitioner has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." Smith v. Davis, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc) (expressly rejecting stop-clock approach for evaluating when petitioner must be diligent). To satisfy the second element, a petitioner must show that the "extraordinary circumstances" were the cause of his untimeliness. See Grant v. Swarthout, 862 F.3d 914, 926 (9th Cir. 2017). In other words, a petitioner must show "that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted). Banks is further informed that, in addition to equitable tolling, under certain circumstances the 1-year limitation period may begin running on a later date[2] or may be otherwise statutorily tolled.

---

[2] 28 U.S.C. § 2244(d)(1) provides, in part, as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the

The Court defers ruling on the motion for appointment of counsel until after Banks responds to this Order.

## IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that the IFP application (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that Banks show cause on or before November 24, 2025, unless he requests and is granted an extension of this deadline, why this action should not be dismissed with prejudice as untimely. If Banks does not timely respond to this Order, the Petition will be dismissed with prejudice without further advance notice.

**DATED:** October 19, 2025.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.